1  Bryan W. Goodman (02055)
   GOODMAN & GOODMAN, PLC
2  7473 E. Tanque Verde Rd.,
   Tucson, Arizona 85715
3  Telephone: 520-886-5631
   bwg@goodmanadvisor.com
4
   Attorneys for Debtors
5

6              THE UNITED STATES BANKRUPTCY COURT

7                  FOR THE DISTRICT OF ARIZONA

8  In re:                          Chapter 11 Proceeding
9  Michael P. Turner and           Case No.: 4:14-bk-01928-SHG
   Nancy M. Turner,
10                                 ORDER CONFIRMING
            Debtors.               DEBTORS' SECOND AMENDED
11                                 PLAN OF REORGANIZATION
12                                 DATED FEBRUARY 5, 2015 AND
                                   MODIFICATIONS THERETO
13

14

15        The Second Amended Plan of Reorganization under Chapter 11 of the Bankruptcy

16  Code filed by Michael and Nancy Turner, the Debtors and Debtors-in-Possession in the

17  above-captioned Chapter 11 case, ("Debtors") dated February 5, 2015, hereinafter referred to

18  as "The Plan", and a copy of said Plan and the Disclosure Statement approved by the Court

19  having been transmitted to the holders of claims and interests; and the Debtor having filed

20  an Affidavit attesting that all confirmation requirements of 11 U.S.C. § 1129 of the Code

21  have been complied with;

22        It having been determined after notice and a hearing:

23        1.    That the Plan complies with the applicable provisions of Chapter 11 of

24  the Code;

25        2.    That the proponent of the Plan complies with the applicable provisions

26  of the Code;

27        3.    That the Plan has been proposed in good faith and not by any means

28

forbidden by law;

4.     That any payment made or promised by the proponent, by the Debtor, or any person issuing securities or requiring property under the Plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan or any incident to the case, have been disclosed to the Court. The Debtors will continue to manage the affairs of their estate. Any regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtors has approved any rate change provided for in the Plan, or such rate change is expressly conditioned on such approval.

With respect to each class:

A.     Each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7; or

B.     If Section 1111(b)(2) of the Code applies to the claims of such class, each holder of a claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claims;

C.     Debtor's reserve the right to object to claims at a later date.

Further, with respect to each class:

1.     Class One is administrative claims, is not impaired and was not eligible to vote. All Administrative fees will be paid in cash on the Effective Date.

2.     Class Two is the priority claims of governmental units. Class Two is impaired, did not cast a vote, and will receive the treatment set forth in the Plan.

3.     Class Three is the secured ad valorem tax claims. Class Three is not impaired, was not eligible to vote and will receive the treatment set forth in the Plan.

4.     Class 4 - Secured claim of Seterus, Inc. ("Seterus") related to its first

2

lien claim of Seterus secured by the real property located at 7855 E. 34th St., Tucson, AZ 85710, the Debtors' principal residence. Seterus will receive the treatment set forth in the Loan Modification Agreement by and between Seterus and the Debtors, and as approved in that Order entered on May 12, 2015, which is attached as Exhibit B-1 hereto and made a part hereof.

5.      Class 5 - Secured claim of Green Tree Servicing, LLC ("Green Tree") consisting of the first lien claim of Green Tree secured by the real property located at 6543 E. Calle Herculo, Tucson, AZ 85713. Class 5 is impaired, did not vote and will receive the treatment set forth in the Plan.

6.      Class 6 - Secured claim of Green Tree Servicing, LLC ("Green Tree") consisting of the first lien claim of Green Tree secured by the real property located at 1854 W. Caravelle Rd., Tucson, AZ 85713. Class 6 is impaired, voted to accept the plan and will receive the treatment pursuant to the Order entered by the Court on January 6, 2015 for the Stipulation filed with the Court, which is attached as Exhibit B-2 hereto and made a part hereof.

7.      Class 7 - Secured claim of Bank of America ("BOA") consisting of the first lien claim of BOA secured by the real property located at 7745 W. Shining Moon Way, Tucson, AZ 86743. Class 5 is impaired, voted to accept the plan and will receive the treatment pursuant to the Order entered by the Court on June 23, 2015 for the Stipulation filed with the Court, which is attached as Exhibit B-3 hereto and made a part hereof.

8.      Class 8 - Secured claim of Seterus, Inc. ("Seterus") consisting of the first lien claim of Seterus secured by the real property located at located at 1070 S. Floral Ridge Way, Tucson, AZ 85710. Parties stipulated to stay relief on August 9, 2014 lifting the stay as to 1070 S. Floral Ridge Way, Tucson, AZ 85710.

9.      Class 9 - Secured claim of Bank of America ("BOA") consisting of the first lien claim of BOA secured by the real property located at located at 5986 S. Pin Oak Dr., Tucson, AZ 85746. Class 5 is impaired, voted to accept the plan and will receive the

3

treatment pursuant to the Order entered by the Court on January 26, 2015 for the Stipulation filed with the Court which is attached as Exhibit B-4 hereto and made a part hereof.

10.     Class 10 - Secured claim of Wells Fargo Bank, N.A. ("Wells Fargo") consisting of the first lien claim of BOA secured by the real property located at 3405 S. Sun Splash Dr., Tucson, AZ 85713.  Class 5 is impaired, voted to accept the plan and will receive the treatment pursuant to the Order entered by the Court on April 20, 2015 for the Stipulation filed with the Court which is attached as Exhibit B-5 hereto and made a part hereof.

11.     Class 11 - Secured claim of Wells Fargo Bank, N.A. ("Wells Fargo") consisting of the first lien claim of BOA secured by the real property located at 5488 S. Via Florena, Tucson, AZ 85706.  Parties stipulated to stay relief on June 23, 2015 lifting the stay as to the real property located at 5488 S. Via Florena, Tucson, AZ 85706.

12.     Class 12 - Secured claim of Residential Funding Securities I, Inc. consisting of the first lien claim secured by the real property located at 10000 E. Prince Rd., Tucson, AZ 85749. Class 5 is impaired, voted to accept the plan and will receive the treatment pursuant to the Stipulation filed with the Court on June 24, 2015 which is attached as Exhibit B-6  hereto and made a part hereof.

13.     Class 13 - Secured claim of JP Morgan Chase Bank, N.A. ("JP Morgan") consisting of the second lien claim of JP Morgan secured by the real property located at 10000 E. Prince Rd., Tucson, AZ 85749.  Class Thirteen is impaired, did not vote and will receive the treatment set forth in the Plan.

14.     Class 14 - Third Lien Claim of Bank of America, N.A. ("BOA") consisting of the third lien claim of BOA secured by the real property located at 10000 E. Prince Rd., Tucson, AZ 85749. Class fourteen is impaired, did not vote and will receive the treatment set forth in the Plan.

15.     Class 15 - Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo") consisting of the first lien claim of Wells Fargo secured by the 2008 Chrysler Town &

4

Country. Class fifteen has accepted the Plan pursuant to a Stipulation on file with the Court and will receive the treatment pursuant to the Stipulation filed with the Court on September 17, 2014, which is attached as Exhibit B-7 hereto.

16. Class 16 - Unsecured Deficiency Claims and Unsecured Claims consists of all unsecured deficiency claims and unsecured claims against the debtor. Class sixteen is impaired, did not vote and will receive the treatment set forth in the Plan.

17. Class 17 - Class 17 consists of all contingent, unliquidated and disputed claims unless otherwise indentified herein. Class seventeen is impaired, did not vote and will receive the treatment set forth in the Plan.

18. Class 18 - Class 18 consists of the contingent and disputed claims of the Silvermans in the amount of $45,650.00, as set forth in the Silvermans' proof of claim dated January 21, 2015. Class 18 is impaired, voted to accept the plan and will receive the treatment pursuant to the Plan.

Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

A. With respect to a claim of a kind specified in Sections 507(a)(1) or 507(a)(2) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

B. With respect to a class of a kind specified in Sections 507(a)(3), 507(a)(4), 507(a)(5) or 507(a)(6) of the Code, each holder of a claim of such class will receive, if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or, if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; and

C. With respect to a claim of a kind specified in Section 507(a)(8) of the Code, the holder of such claim will receive on account of such claim value, as of the effective date of the Plan, equal to the allowed amount of such claim. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial

reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.

The property of this estate is revested in the reorganized Debtors after confirmation. All liens or encumbrances on the debtors' assets except as permitted by prior agreements approved by this Court or as set forth herein are invalid and removed.

NOW THEREFORE, it is accordingly ORDERED that the Debtors' Second Amended Plan of Reorganization dated February 5, 2015 (copy attached as Exhibit "A" and Stipulations to treatment attached as Exhibit "B 1 through 7") shall be, and hereby is, confirmed in its entirety (except as modified herein, and to the extent there are any inconsistencies between the terms of the Plan and this Order, this Order will control), and the Debtors shall proceed to effectuate the Plan in accordance with the terms of this Order; and it is further documents as may be necessary and required to effectuate consummation of this Plan; and it is further ORDERED that all Classes of creditors, and/or their respective agents, assigns or successors- in-interest, are hereby authorized and directed to execute and deliver to the Debtors any and all documentation as may be required by Debtors to effectuate consummation and implementation of the terms of the Plan.

ALL SECURED CREDITORS SHALL PROVIDE THE DEBTORS WITHIN 60 DAYS OF THE EFFECTIVE DATE, A NEW PAYMENT BOOK AND/OR MONTHLY STATEMENTS REFLECTING THE NEW MONTHLY PAYMENTS AMOUNTS DUE AS SET FORTH UNDER THE TERMS OF THE CONFIRMED PLAN OF REORGANIZATION.

DATED, SIGNED AND ORDERED ABOVE.

APPROVED AS TO FORM AND CONTENT:

*Alex Selis for Christina Harper*

Attorney for Seterus, Inc.

6

**A**

Bryan W. Goodman (02055)
GOODMAN & GOODMAN, PLC
7473 E. Tanque Verde Rd.,
Tucson, Arizona 85715
Telephone: 520-886-5631
Court Documents: bwg@goodmanadvisor.com

Attorneys for Debtors

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| Michael P. Turner and Nancy M. Turner, | Case No.: 4:14-bk-01928-SHG |
| Debtors. | **DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 5, 2015** |

M. Paul and Nancy M. Turner, (hereinafter referred to as "Debtors"), hereby submit this Plan of Reorganization in accordance with 11 U.S.C. §1121(a).

## I. DEFINITIONS

As utilized in this Plan of Reorganization (hereinafter "Plan") and in the Disclosure Statement (hereinafter "Disclosure Statement") which accompanies this Plan of Reorganization, the following definitions apply to the following terms:

1. "Adequate information" means information that would enable a hypothetical reasonable investor typical of holders of claims or interest of the Debtors' estate, to make an informed judgment about the Debtors' Plan of Reorganization.

2. "Allowed and Approved Claim" shall mean a timely filed Proof of Claim pursuant to an Order from the Court setting a bar date to which that claim should be filed and no objection to the claim having been filed. If an objection to a claim is filed, said claim will be allowed to the extent ordered by the Court.

3. "Bankruptcy Code" shall mean the Bankruptcy Code as set forth in Title 11 of the United States Code.

4. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the

District of Arizona.

5. "Confirmation of the Plan" shall mean the entry of an order by the Bankruptcy Court confirming the Plan or Reorganization in accordance with §1129 of the Bankruptcy Code.

6. "Consummation of the Plan" means the accomplishment of all things required or provided for under the terms of the Plan.

7. "Court" shall mean the United States Bankruptcy Court for the District of Arizona.

8. "Creditors" shall mean all persons holding claims for secured and unsecured obligations, liabilities, demands or claims of any nature whatsoever against the Debtor arising at any time prior to confirmation of the Plan and administrative creditors.

9. "Debtors" shall mean the petitioners in the above-captioned Bankruptcy case.

10. "Disclosure Statement" shall mean this Disclosure Statement (hereinafter "Disclosure Statement") filed in this case approved, after notice and a hearing by the Court as being in conformity with §1125 of the Bankruptcy Code.

11. "Disposable Income" that amount of income to be contributed by debtors for a period of 60 months and paid to creditors on allowed claims of creditor on a pro rata basis. The amount of disposable income will be reduced by any allowed administrative fees allowed by this Court.

12. "Effect of Discharge" 11 U.S.C. 1141 d(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan- (A) Discharges the debtor from any debts that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(I) of this title. (2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

13. "Effective Date" shall mean the later of (a) the first business day following the 60th day after entry of the Court of an order confirming this Plan, or (b) the first business day after such order has become final and unappealable; provided however, no appeal of said order is pending; provided further, the Debtor may waive the condition that no appeal

2

of the order of confirmation be pending by a writin duly executed by the Debtor and filed with the Court on or before the date which but for the pendency of appeal would become the effective date of the Plan, and in the event that said condition is timely waived by the Debtor, the Plan shall become effective as provided herein notwithstanding the pendency on said date of an appeal or appeals; in the event that said condition is not timely waived, the Plan shall become effective on the first business day after an appeal is no longer pending.

14. "Petition" means the original Chapter 11 Petition filed by the Debtors.

15. "Plan" shall mean the Plan of Reorganization accompanying the Disclosure Statement as it may be amended, modified and/or supplemented pursuant to which the Debtors propose payment in whole or in part of creditors' claims.

16. "Plan distribution date" shall be a date that ends with the first full calendar quarter after the date that the Chapter 11 Plan is confirmed by the Court.

17. All other terms not specifically defined by this Disclosure Statement shall have the meaning as designated in §101 of the Bankruptcy Code or, if not contained therein, their ordinary meaning.

## II. CLASSES OF CLAIMS

Administrative Claims.

These claims consist of the expenses of administration of the estate including attorney fees for Debtor's counsel and any unpaid fees to the U.S. Trustee. The Debtors estimate these costs and expenses may be in excess of $5,000.00.

Tax Claims.

Debtors estimated taxes will be owed to the IRS for 2013, however, the tax obligation has not yet been calculated. Required treatment of tax claims is addressed in §§507(a)(8) & 1129(a)(9). The Debtor intends to treat all relevant tax claims as required by applicable bankruptcy and state law.

Secured Claims.

As reflected in the original schedules filed by the Debtors, Debtors estimated secured claims in the amount of $1,820,872.00.

Unsecured Claims.

As reflected in the original schedules filed by the Debtors, Debtors estimated unsecured claims in the amount of $34,000.00, which does not include any deficiency amounts for secured creditors.

Domestic Support Claims.

As reflected in the schedules filed by the Debtor, there are no domestic support orders against the Debtor.

## III. TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Classes 1, 4 and 15 are not impaired under the Plan in that the Plan does not alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payment over an extended period of time and/or the holder of the claim has agreed to a different treatment.

## IV. TREATMENT OF IMPAIRED CLAIMS UNDER THE PLAN

Classes 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, and 18 are impaired under the Plan in that the Plan does alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payments over an extended period of time and/or the holder of the claims has agreed to a different treatment.

## V. CLASSES OF CLAIMS

*Classification and Treatment of Claims and Interests*

1. *Claim Amounts*: Because certain claims against the Debtor may be unknown or of undetermined amounts, the amounts of claims specified in this Disclosure Statement reflect only the Debtor's best estimate at this time of the amount due. In addition, the amounts of the claims specified in this Disclosure Statement do not include, for example, claims arising from the rejection of certain executory contracts and other contingent or unliquidated claims arising against the debtor.

2. *Effective Date of the Plan*: The "Effective Date" of the Plan is important in

4

determining when performance of many of the Debtor's obligations under the Plan is due. The Effective Date is defined in the Plan as the first business day following the later of the following day;

(i) the date on which the Order confirming the Plan (the "Confirmation Order") becomes final and non-appealable with no appeal then pending; or

(ii) 60 days after the date of the Confirmation Order for unsecured claims; and

(iii) 30 days after the date of the Confirmation Order for secured claims.

3. *Classification*: The Plan divides claims against the Debtor, into multiple separate classes that the Debtor asserts are in accordance with the Bankruptcy Code. Unless otherwise expressly stated in the Plan, distributions to holders of allowed claims are in full satisfaction of their allowed claims. All claims against the Debtor arising prior to confirmation will be discharged by performance of the Plan on the Effective Date to the extent that such claims are dischargeable under the Bankruptcy Code Section 1141(d).

The Plan provides for 18 classes of claims to be paid or administered in the following manner:

### 8.1  Class 1 - Administrative Claims

These claims are for the expenses of administration of the estate, including attorney fees for Debtors' counsel in the approximate sum of $5,000.00 and unpaid fees to the U.S. Trustee, if any. Debtors believe, at the time that the Debtors' Chapter 11 Plan is confirmed, that there will be an administrative expense claim in the approximate amount of $5,000.00. This claim shall be paid in cash, or in the amounts allowed by the Court upon the Plan distribution date unless otherwise agreed to between the Debtors and the administrative creditor. **(This class is not impaired.)**

### 8.2  Class 2 - Priority Claims of Governmental Units

A. Classification: Class 2 claims consists of all allowed claims of the United States Internal Revenue Service ("IRS") and/or State of Arizona, Department of Revenue ("ADOR") and/or the Arizona Department of Economic Security ("ADES"), City of Tucson or other government agency which are entitled to priority pursuant to Section 507(a)(8) of

the Bankruptcy Code except ad valorem taxes.

B. Impairment: Class 2 is impaired.

C. Treatment: In the event there are determined to be allowed Class 2 claims, each holder of a Class 2 allowed claim shall retain its claim, in accordance with Section 1129 of the Bankruptcy Code. The claim shall bear simple interest at a fixed rate equal to that rate which would be required to be paid as of the Effective Date under Section 6621 and/or 6622 of the Internal Revenue Code, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax note a value as of the Effective Date equal to the principal amount of such claim. The allowed claim shall be payable in equal monthly installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years from the date of petition. The first payment shall commence on the first day of the month immediately following the month of the Effective Date. The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are required by law.

8.3  Class 3 - Secured Ad Valorem Real Property Tax Claims

A. Classification: Class 3 shall consist of pre-petition allowed Ad Valorem Real Property Tax Claims which are secured by liens on real property. Debtors are not aware of any Proofs of Claim filed.

B. Impairment: Class 3 is impaired.

C. Treatment: In the event there are determined to be allowed Class 3 claims, each holder of a Class 3 allowed claim shall retain its lien having an aggregate principal amount sufficient to satisfy, in accordance with Section 1129 of the Bankruptcy Code, the allowed claim. Such claim shall bear simple interest at a statutory rate of 16% per annum required to be paid as of the Effective Date, or such other interest rate as the Bankruptcy Court determines is sufficient to confer upon the tax claim a value as of the Effective Date equal to the principal amount of such claim charged by the taxing authority, or the statutory rate of interest. Payments shall be made in equal monthly installments of principal, along with accrued interest, in deferred cash payments over a period not to exceed five years from date

of petition. The claim is subject to prepayment at any time without penalty or premium and shall have such other terms as are required by law.

### 8.4 Class 4 - Secured Claim of Seterus, Inc. ("Seterus")

A. <u>Classification</u>: Class 4 consists of the first lien claim of Seterus secured by the real property located at 7855 E. 34th St., Tucson, AZ 85710, the Debtors' principal residence. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of Proof of Claim filed by Seterus in the amount of $181,619.14.

B. <u>Impairment</u>: Class 4 is not impaired.

C. <u>Treatment</u>: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH SETERUS AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. Debtors and Seterus are in discussion regarding a mortgage modification program with the intention of reducing the Debtors' mortgage payments. In the event a modification is not reached, the Debtors will continue to pay pursuant to the existing mortgage contract or will surrender the property. Tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust. Post-petition arrears, if any, will be paid in sixty (60) equal monthly installments beginning 30 days after the Effective Date of the Plan.

### 8.5 Class 5 - Secured Claim of Green Tree Servicing, LLC ("Green Tree")

A. <u>Classification</u>: Class 5 consists of the first lien claim of Green Tree secured by the real property located at 6543 E. Calle Herculo, Tucson, AZ 85713. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by Green Tree in the amount of $66,010.38.

B. <u>Impairment</u>: Class 5 is impaired.

C. <u>Treatment</u>: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH GREEN TREE AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on

7

the existing note, whichever is less. The Debtors believe the current value of the Property is $75,389.00. Green Tree shall be allowed the full amount that is owing, $66,010.38.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 5 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 5 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which Green Tree had at the petition date other than the deed of trust above described which encumbers the property Green Tree shall retain post-confirmation.

4. The Debtors and the Class 5 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

8.6 Class 6 - Secured Claim of Green Tree Servicing, LLC ("Green Tree").

A. Classification: Class 6 consists of the first lien claim of Green Tree secured by the real property located at 1854 W. Caravelle Rd., Tucson, AZ 85713. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by Green Tree in the amount of $57,183.69. Green Tree shall be allowed the full amount that is owing, $57,183.69.

B. Impairment: Class 6 is impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH GREEN TREE AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on the existing note, whichever is less.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 6 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 6 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which Green Tree had at the petition date other than the deed of trust above described which encumbers the property Green Tree shall retain post-confirmation.

4. The Debtors and the Class 6 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

8.7   Class 7 - Secured Claim of Bank of America ("BOA")

A. Classification: Class 7 consists of the first lien claim of BOA secured by the real property located at 7746 W. Shining Moon Way, Tucson, AZ 86743. This claim is evidenced

9

by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by BOA in the amount of $138,596.03.

B. Impairment: Class 7 is impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH BOA AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on the existing note, whichever is less. The secured claim of BOA shall be reduced to the fair market value of the property, $125,000.00, or such amount as may be set by the Court. The Class 7 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of BOA's claim.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 7 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 7 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which BOA had at the petition date other than the deed of trust above described which encumbers the property BOA shall retain post-

10

confirmation.

4.   The Debtors and the Class 7 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

8.8  Class 8 - Secured Claim of Seterus, Inc. ("Seterus")

A. Classification: Class 8 consists of the first lien claim of Seterus secured by the real property located at 1070 S. Floral Ridge Way, Tucson, AZ 85710. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by BOA in the amount of $193,188.34.

B. Impairment: Class 8 is impaired.

C. Treatment: Pursuant to the terms of that *Stipulated Order* dated September 10, 2014, the parties have stipulated to stay relief to allow Seterus to recover the property.

8.9  Class 9 - Secured Claim of Bank of America ("BOA")

A. Classification: Class 9 consists of the first lien claim of BOA secured by the real property located at 5986 S. Pin Oak Dr., Tucson, AZ 85746. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by BOA in the amount of $121,064.25.

B. Impairment: Class 9 is impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH BOA AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1.   The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on the existing note, whichever is less. The secured claim of BOA shall be reduced to the fair market value of the property, $92,000.00, or such amount as may be set by the Court.   The Class 9 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of BOA's claim.

11

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3. The note of the Class 9 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 9 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which BOA had at the petition date other than the deed of trust above described which encumbers the property BOA shall retain post-confirmation.

4. The Debtors and the Class 9 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

8.10 Class 10 - Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo")

A. Classification: Class 10 consists of the first lien claim of Wells Fargo secured by the real property located at 3405 S. Sun Splash Dr., Tucson, AZ 85713. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by Wells Fargo in the amount of $153,855.00.

B. Impairment: Class 10 is impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH WELLS FARGO AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1.     The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on the existing note, whichever is less. The secured claim of $153,855.00 shall be reduced to the fair market value of the property, $125,000.00, or such amount as may be set by the Court. The Class 10 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Wells Fargo's claim.

2.     The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3.     The note of the Class 10 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 10 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which Wells Fargo had at the petition date other than the deed of trust above described which encumbers the property Wells Fargo shall retain post-confirmation.

4.     The Debtors and the Class 10 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

8.11  Class 11 – Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo")

A. Classification: Class 11 consists of the first lien claim of Wells Fargo secured by

13

the real property located at 5488 S. Via Florena, Tucson, AZ 85706. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by Wells Fargo in the amount of $116,041.80.

B. Impairment: Class 11 is impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH WELLS FARGO AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1.    The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on the existing note, whichever is less. The secured claim of $116,041.80 shall be reduced to the fair market value of the property, $70,000.00, or such amount as may be set by the Court. The Class 11 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of Wells Fargo's claim.

2.    The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3.    The note of the Class 11 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 11 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which Wells Fargo had at the petition date other

14

than the deed of trust above described which encumbers the property Wells Fargo shall retain post-confirmation.

4. The Debtors and the Class 11 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

### 8.12 Class 12 - Secured Claim of OCWEN Loan Servicing, LLC ("OCWEN")

A. Classification: Class 12 consists of the first lien claim of Wells Fargo secured by the real property located at 10000 E. Prince Rd., Tucson, AZ 85749. This claim is evidenced by a promissory note and deed of trust. Debtors are not aware of a Proof of Claim filed by OCWEN.

B. Impairment: Class 12 is impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH OCWEN AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN.

1. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of four and one half percent (4.5 %) per annum as a fixed rate, or the rate on the existing note, whichever is less. Debtors estimate this claim in the amount of $740,080.00. The secured claim of approximately $740,080.00 shall be reduced to the fair market value of the property, $550,000.00, or such amount as may be set by the Court. The Class 12 creditor is not entitled to interest on its allowed secured claim from the Petition date to the Confirmation Date as the current market value of the real property is less than the amount of OCWEN's claim.

2. The note shall be payable in equal monthly installments of principal and interest amortized over thirty (30) years. The first monthly installment shall be due thirty (30) days after the Effective Date of the Plan and subsequent monthly installments shall be due on the same day of each subsequent month. On the thirtieth anniversary of the Effective Date of the Plan the outstanding principal balance of the note and all accrued and unpaid interest thereon shall be due and payable in full. The final payment shall be made either from

15

proceeds of the sale or refinancing of the property or contributions of the owners of the property at the time the final payment is due. Unless modified herein tax and insurance escrows, if any, will continue to be paid pursuant to the terms of the Note and Deed of Trust.

3.   The note of the Class 12 creditor shall continue to be secured by its first position deed of trust on the property but the note and any obligation due the Class 12 creditor, which is secured by the above deed of trust, shall be non-recourse to the Debtors. Any security for payment of the allowed claim which OCWEN had at the petition date other than the deed of trust above described which encumbers the property OCWEN shall retain post-confirmation.

4.   The Debtors and the Class 12 creditor shall agree to execute such modifications to the existing note and deed of trust as are reasonably necessary to reflect the provisions of the Plan treatment for this creditor.

### 8.13  Class 13 - Second Lien Claim of JP Morgan Chase Bank, N.A. ("JP Morgan")

A.   Classification: Class 13 consists of the second lien claim of JP Morgan Chase to the extent of the value of the secured creditor's interest in the Debtors' interest in the real property located at 10000 E. Prince Rd., Tucson, AZ 85749. This claim is evidenced by a promissory note and deed of trust. Debtors are aware of a Proof of Claim filed by JP Morgan Chase in the amount of $80,011.12. The Debtors believe the claim is wholly unsecured.

B.   Impairment: Class 13 is impaired.

C.   Treatment: The Class 13 claimant, which holds a third position lien on the real property, is believed to be wholly unsecured. The Class 13 creditor has its lien released upon Court's order confirming debtor's plan of reorganization. Any deficiency amount shall be treated as an unsecured claim and paid on a pro-rata basis from Debtors' disposable income.

### 8.14  Class 14 - Second Lien Claim of Bank of America, N.A. ("BOA")

A.   Classification: Class 14 consists of the third lien claim of BOA to the extent of the

value of the secured creditor's interest in the Debtors' interest in the real property located at 10000 E. Prince Rd., Tucson, AZ 85749. This claim is evidenced by a promissory note and deed of trust. Debtors estimate the claim at $20,625. The Debtors believe the claim is wholly unsecured.

B.    Impairment: Class 14 is impaired.

C.    Treatment: The Class 14 claimant, which holds a third position lien on the real property, is believed to be wholly unsecured. The Class 13 creditor has its lien released upon Court's order confirming debtor's plan of reorganization. Any deficiency amount shall be treated as an unsecured claim and paid on a pro-rata basis from Debtors' disposable income.

8.15  Class 15 - Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo")

A. Classification: Class 15 consists of the first lien claim of Wells Fargo secured by the 2008 Chrysler Town & Country.  Debtors are aware of a Proof of Claim filed by Wells Fargo in the amount of $6,770.70.

B. Impairment: Class 15 is not impaired.

C. Treatment: IN THE EVENT THE DEBTOR IS ABLE TO REACH A STIPULATION WITH WELLS FARGO AS TO ITS TREATMENT, THE TERMS AND CONDITIONS THEREIN WILL SUPERCEDE THE TREATMENT SET FORTH HEREIN. The allowed secured claim shall accrue interest from the Effective Date of the Plan at the rate of five and seventy-four percent (5.74%) per annum as a fixed rate, or the rate on the existing note, whichever is less.  Debtors will continue to pay pursuant to the existing promissory note. Wells Fargo shall be allowed the full amount that is owing, $6,770.70.

8.16  Class 16 - Unsecured Deficiency Claims and Unsecured Claims

A. Classification: Class 16 consists of all unsecured deficiency claims and unsecured claims against the debtor. Debtors estimated unsecured claims in the amount of $34,000, which does not include any deficiency amounts for secured creditors.

B. Impairment: Class 16 is impaired.

C. Treatment: All allowed and approved claims under this Class shall be paid the

17

sum of $2,869.92 on a quarterly basis, *pro rata*, from Debtors' disposable income, to be paid on the last day of each quarter, beginning with the quarter ending after the Effective Date, and continuing each quarter thereinafter for five years. Any liens held by the Class 16 creditors shall be null and void and removed as of the Effective Date.

8.17 Class 17 - Contingent, Unliquidated and Disputed Claims.

A.  Classification: Class 17 consists of all contingent, unliquidated and disputed claims.

B.  Impairment: Class 17 is impaired.

C.  Treatment: Class 17 creditors shall receive no distribution under the Plan.

8.18 Class 18 – Silverman Insurance, Inc. and Silverman Insurance Incorporated Profit Sharing Plan ("Collectively the "Silvermans"):

A.  Classification: Consists of the contingent and disputed claims of the Silvermans in the amount of $45,650.00, as set forth in the Silvermans proof of claim dated January 21, 2015.

B.  Impairment: Class 18 is impaired.

C.  Treatment: The Silvermans' claim relates to certain state court litigation commenced by the Silvermans' against Debtors and M. Paul Turner & Co., Inc., an Arizona corporation, alleging breach of contract and professional negligence. The Debtors dispute the allegations and assert that they have sufficient insurance coverage for the claims that are the subject of the state court litigation. The Debtors' insurance carrier has assumed responsibility for defending the state court litigation. Consequently, pursuant to the terms of the Stipulation entered on May 14, 2014, the Silvermans conditionally waive any right they may have to a distribution under the Plan provided that the applicable insurance company assumes responsibility for defending the state court litigation and the applicable insurance proceeds are sufficient to satisfy a judgment, if any, the Silvermans may obtain. In the event there are insufficient insurance proceeds to satisfy the judgment obtained by the Silvermans in the state court litigation, any portion of the unsatisfied judgment will be treated as an allowed and approved Class 16 Unsecured Claim entitled to distribution.

18

8.19 Class 19 - Equity Interest.

    A. <u>Classification</u>: Class 19 consists of the interests of the Debtors.

    B. <u>Impairment</u>: Class 19 is not impaired.

    C. <u>Treatment</u>: Debtors shall retain all of their legal and equitable interest in exempt and non-exempt assets of this estate, as provided in the plan.

## IX. DISPUTED CLAIMS

The Debtors reserve the right to verify and object to any proof of claim. Payment of disputed claims shall be made only after agreement has been reached between the Debtors and the Creditor or upon the order of the Court. Any and all objections to proofs of claim will be filed within ninety (90) days of the Effective Date of this plan or will be waived.

## VII. EXECUTORY CONTRACTS

At the time of the filing, the Debtor has a lease with a tenant, Debtors are assuming the existing lease where payments are current.

## VIII. DOMESTIC SUPPORT OBLIGATIONS

As reflected in the schedules filed by the Debtors, there are no domestic support orders against the Debtors.

## IX. MEANS OF EXECUTION/PROJECTION

The Debtors will provide for payment of all timely filed and allowed claims over 60 months. The Debtors shall make payments in the sum of $2,869.92 per quarter to the Class 18 unsecured creditors, which shall be disbursed as set forth in the Plan The source of the funds shall come from the Debtors' earned post-petition income. *See 11 U.S.C. §1123(a)(8).*

The 2005 BAPCPA amendments to the Bankruptcy Code added, among other things, section 1129(a)(15). This section requires that upon the objection of an unsecured creditor to the Debtors' plan, the Debtors must either (A) pay the claim in full, or, (B) commit their disposable income to the plan payments for a minimum of 5 years, as determined by §1325(b)(2). The Debtor believes that projected disposable income is committed to the plan under the current projections. The Debtor reserves the right to accelerate payment under the Plan from financing obtained from third party financing, although currently Debtor has

19

no plans or ability to do so. Debtor believes that by virtue of Confirmation of the Plan, they will have the ability to pay all allowed and approved claims pursuant to the Plan of Reorganization. The unsecured creditors will be paid a total of $53,289 under the Plan of Reorganization.

## X. QUARTERLY FEES AND REPORTS

Debtors shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtors shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization. At such time, Debtors shall cease filing monthly operating reports and shall begin filing quarterly post confirmation reports. These quarterly reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

## XI. IMPLEMENTATION AND CONSUMMATION OF PLAN

The terms of the Plan subsequent to confirmation shall bind the Debtors, any entity acquiring property under the Plan, and any creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtors and shall be free from attachment, levy, or garnishment of execution by creditors bound by the Plan. ALL SECURED CREDITORS SHALL PROVIDE THE DEBTORS WITHIN 60 DAYS OF THE EFFECTIVE DATE, A NEW PAYMENT BOOK REFLECTING AMOUNT OF MODIFIED PAYMENTS, IF ANY AND/OR MONTHLY STATEMENTS REFLECTING THE NEW MONTHLY PAYMENTS AMOUNTS DUE AS SET FORTH UNDER THE TERMS OF THE CONFIRMED PLAN OF REORGANIZATION. It shall be the obligation of each creditor participating under the Plan to keep the Debtors advised of its current mailing address. In the event any payment tendered to creditors is mailed, postage prepaid, (1) to the address specified in the Debtors' schedules and statement, (2) to the address specified in any proof of claim filed by creditor or claimant here or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to a lack or insufficiency of

20

address or forwarding address, the Debtors shall retain such distribution for a period of six months. Thereafter, the distribution shall revert to the Debtors without further Order from the Court and free and clear of any distributions to any creditor for whom a distribution has been returned by the Post Office. The Debtors reserve the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the plan still complies with §1122 and §1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1127 of the Bankruptcy Code. Any holder of a claim or interest that has previously accepted or rejected a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

## XII. DEFAULT

The Debtors' failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtors and the affected creditor agree to delayed payment. Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

## XIII. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objection to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation or consummation of the Plan and to implement and enforce the provisions of the Plan.

21

Notwithstanding anything to the contrary contained herein, the Debtors shall not be bound by estoppel, the principles of *res judicata* or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed. The Court may enter a Final Decree and retain jurisdiction over this case to reopen the case to provide relief including the entering of a Discharge Order.

RESPECTFULLY SUBMITTED this 5th day of February 2015.

/s/ Bryan W. Goodman
Bryan W. Goodman
GOODMAN & GOODMAN, PLC
Attorneys for Debtors

22

**B-1**

THIS ORDER IS APPROVED.

Dated: May 12, 2015

Scott H. Gan, Bankruptcy Judge

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

Michael P. Turner and
Nancy M. Turner,

Debtors.

Chapter 11 Proceeding

Case No.: 4:14-bk-01928-SHG

**AMENDED ORDER
AUTHORIZING DEBTORS TO
ENTER INTO LOAN
MODIFICATION AGREEMENT**

Upon the Debtors' motion for an order, pursuant to Fed. R. Bankr P. 9019, approving the entry into that certain Loan Modification Agreement with Seterus, Inc. regarding the Debtors' residence located at 7855 E. 34th St., Tucson, AZ 85710, and there being no objections;

ORDERED, that the Motion is granted and the Debtors are authorized to enter into Loan Modification Agreement;

IT IS FURTHER ORDERED that, by granting the Motion, this Court expressly makes no findings, conclusions or rulings regarding the legal validity of the terms of the subject loan modification agreement.

**DATED AND SIGNED ABOVE.**

**B-2**

# TIFFANY & BOSCO
### P.A.

1

SEVENTH FLOOR CAMELBACK ESPLANADE II

2  2525 E. CAMELBACK ROAD

PHOENIX, ARIZONA 85016

3  TELEPHONE: (602) 255-6000

4  FACSIMILE: (602) 255-0192

5

Mark S. Bosco

6  State Bar No. 010167

Leonard J. McDonald

7  State Bar No. 014228

David W. Cowles

8  State Bar No. 021034

9  Attorneys for Green Tree Servicing LLC

10  14-01039

11  **IN THE UNITED STATES BANKRUPTCY COURT**

12  **FOR THE DISTRICT OF ARIZONA**

13

14  IN RE:                                    No. 4:14-bk-01928-SHG

15  Michael Paul Turner and Nancy M. Turner          Chapter 11

16          Debtors.

17                                          **ORDER REGARDING**
**PLAN TREATMENT AND TO VALUATE**
18                                   **THE FIRST LIEN ENCUMBERING REAL**
**PROPERTY LOCATED AT**
19                                        **1854 W. CARAVELLE RD.**
**TUCSON, AZ 85713**

20

21          IT IS HEREBY ORDERED that the property generally described as 1854 W. Caravelle Rd.,

22  Tucson, AZ 85713 and legally described as:

23          The West 31 .33 feet of the East 222.65 feet of Lot 19, of the Resubdivision of Blocks 1
and 2 of ENCHANTED HILLS, according to Book 16 of Maps, page 91 , records of
24          Pima County, Arizona;

25

26

("Subject Property herein"), shall be treated as follows:

Commencing December 1, 2014, the Debtors will make payments on the full payoff amount. The current payoff is approximately $60,205.30 good through December 1, 2014. The interest rate is to be fixed at 5.25% with payments to be comprised of principle, interest and escrow. The loan will be re-amortized over 30 years.

All other terms and conditions of the original Note and Mortgage, including the default provisions, shall remain in full force and effect.

If the Debtors fail to tender the payments as required under this Order, then Secured Creditor shall provide written notice to Debtors at 7855 E. 34th Street, Tucson, AZ 85710 or such other address subsequently provided by Debtors to the Secured Creditor's counsel at the undersigned address, and if the default occurs while the above-captioned bankruptcy proceeding remains active, to the Debtors' counsel at 7473 E. Tanque Verde Rd., Tucson, AZ 85715, indicating the nature of the default. If the Debtors fail to cure the default with certified funds after the passage of fifteen (15) calendar days from the date said written notice is received by the Debtors and Debtors' counsel if applicable, then Secured Creditor shall have immediate relief from the Automatic Stay of §362 of the Bankruptcy Code.

This Order shall be subject to Bankruptcy Court approval.

This Order shall be incorporated into Debtors' confirmed Chapter 11 Plan, and may not be altered in any way by subsequently amended and/or filed Amended Chapter 11 Plan or Amended Disclosure Statement, if any. Any inconsistencies between the treatment of Secured Creditor's claims under the Plan and this Order shall be resolved in favor of this Order. Secured Creditor's agreement herein shall also constitute its acceptance of the Plan on account of its claims.

The agreements contained in this Order shall be binding for purposes of the treatment of the Subject Property in Debtors' confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7, Chapter 13 or dismissed, this Order shall be deemed void and unenforceable.

SIGNED AND DATED ABOVE.

**B-3**

# TIFFANY & BOSCO
### — P.A. —

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 E. CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
David W. Cowles
State Bar No. 021034

Attorneys for Federal National Mortgage Association ("FNMA")

14-01058

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 4:14-bk-01928-SHG |
| Michael Paul Turner and Nancy M. Turner | Chapter 11 |
| Debtors. | **STIPULATION REGARDING PLAN TREATMENT AND TO VALUATE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 7745 W. SHINING MOON WAY TUCSON, AZ 85743** |

IT IS HEREBY STIPULATED by and between Seterus, Inc. as servicing agent for the investor, Federal National Mortgage Association ("Seterus as servicing agent for FNMA") and Michael Paul Turner and Nancy M. Turner ("Debtors"), through counsel undersigned, that the property generally described as 7745 W. Shining Moon Way, Tucson, AZ 85743 and legally described as:

LOT 77 OF SILVER MOON ACCORDING TO THE MAP RECORDED IN BOOK 51 OF MAPS, PAGE 55, RECORDS OF PIMA COUNTY, ARIZONA

("Subject Property"), shall be treated as follows:

Commencing on the first day after the first month after entry of Debtors' confirmed plan, the Debtors will make payments on the reduced value amount of $145,000.00 ("Allowed Secured Claim"). The interest rate is to be fixed at 5.0% and loan will be re-amortized over 30 years. The principal and interest payments will be $778.39, plus escrows for property taxes and insurance.

There is currently post petition escrow advances owed on the loan in the amount of $2,971.07 through June 19, 2015. Debtors have agreed to cure the $2,971.07 over six (6) months beginning the first day after the first month after entry of Debtors' confirmed plan. Payments one through five (1-5) in the amount of $495.17 shall be in addition to the regular monthly payments. The sixth final payment in the amount of $495.22 shall be in addition to the regular monthly payment. In the event that Secured Creditor must advance escrow, the Debtors agree to repay any escrow advance in addition to the above.

The difference between the Allowed Secured Claim and the amount of the indebtedness in the proof of claim shall be treated as a general non-priority unsecured claim ("Unsecured Claim").

All other terms and conditions of the original Note and Mortgage, including the default provisions, shall remain in full force and effect.

If the Debtors fail to tender the payments as required under this Stipulation, then Seterus as servicing agent for FNMA shall provide written notice to Debtors at 7855 E. 34th St., Tucson, AZ 85710 or such other address subsequently provided by Debtors to Seterus as servicing agent for FNMA's counsel at the undersigned address, and if the default occurs while the above-captioned bankruptcy proceeding remains active, to the Debtors' counsel at 7473 E. Tanque Verde Rd., Tucson,

AZ 85715, indicating the nature of the default. If the Debtors fail to cure the default with certified funds after the passage of fifteen (15) calendar days from the date said written notice is received by the Debtors and Debtors' counsel if applicable, then Seterus as servicing agent for FNMA shall have immediate relief from the Automatic Stay of §362 of the Bankruptcy Code.

This Stipulation shall be deemed null and void should the Debtors fail to confirm the Chapter 11 plan within 6 months from the filing date of this Stipulation. Seterus as servicing agent for FNMA shall be entitled to file a Notice and lodge an Order of the Rescission of the Stipulation should the Debtors fail to confirm the Plan within 6 months of the filing date of the Stipulation. The decision to rescind the Stipulation rests solely with the Seterus as servicing agent for FNMA and the Stipulation will remain in effect until Seterus as servicing agent for FNMA files the Notice of Rescission. In the event Seterus as servicing agent for FNMA elects to file its Notice of Rescission, the original loan terms will remain in effect and the parties may either negotiate or litigate Seterus as servicing agent for FNMA's treatment under the Plan.

This Stipulation shall be subject to Bankruptcy Court approval.

This Stipulation shall be incorporated into Debtors' confirmed Chapter 11 Plan, and may not be altered in any way by subsequently amended and/or filed Amended Chapter 11 Plan or Amended Disclosure Statement, if any. Any inconsistencies between the treatment of Seterus as servicing agent for FNMA's claims under the Plan or Order Confirming Plan and this Stipulation shall be resolved in favor of this Stipulation. Seterus as servicing agent for FNMA's agreement herein shall also constitute its acceptance of the Plan on account of its claims.

The Debtors hereby waive objections to Seterus as servicing agent for FNMA's claims in regard to the Subject Property for all purposes besides accounting for the respective claims.

The agreements contained in this Stipulation shall be binding for purposes of the treatment of the Subject Property in Debtors' confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7, Chapter 13 or dismissed, this Stipulation shall be deemed void and unenforceable.

SO STIPULATED:

Dated: 6/23/15

BY: _____
Leonard McDonald, Esq
David W. Cowles
Mark S. Bosco
Attorney for FNMA

Dated: 6/23/15

BY: _____
Bryan Wayne Goodman, Esq.
Attorney for Debtors

**B-4**

# TIFFANY & BOSCO
### P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 E. CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
David W. Cowles
State Bar No. 021034
Attorneys for Bank of America, N.A.
14-01057

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

IN RE:

Michael Paul Turner and Nancy M. Turner

    Debtors.

No. 4:14-bk-01928-SHG

Chapter 11

**ORDER REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCUMBERING REAL
PROPERTY LOCATED AT
5986 S. PIN OAK DRIVE
TUCSON, AZ 85746**

IT IS HEREBY ORDERED that the property generally described as 5986 S. Pin Oak

Drive, Tucson, AZ 85746 and legally described as:

LOT 111 OF THE GREENS AT MIDVALE, A SUBDIVISION, ACCORDING
TO THE PLAT RECORDED IN THE OFFICE OF THE COUNTY RECORDER
OF PIMA COUNTY, ARIZONA, IN BOOK 40 OF MAPS, PAGE 20

("Subject Property herein"), shall be treated as follows:

Commencing December 1, 2014, the Debtors will make payments on the reduced value

amount of $108,000.00 ("Allowed Secured Claim"). The interest rate is to be fixed at 5.25%

and the payments will be comprised of principle, interest, and escrow. The loan will be re-amortized over 30 years.

There is currently post petition escrow advances owed on the loan in the amount of $1,099.16 through December 1, 2014. Debtors have agreed to cure the $1,099.16 over six (6) months beginning 30 days after the Order Confirming Plan has been granted. Payments one through five (1-5) in the amount of $183.19 shall be in addition to the regular monthly payments. The sixth final payment in the amount of $183.21 shall be in addition to the regular monthly payment. In the event that Secured Creditor must advance escrow after the escrow advance analysis performed, the Debtors agree to repay any escrow advance in addition to the above.

The difference between the Allowed Secured Claim and the amount of the indebtedness in Secured Creditor's proof of claim shall be treated as a general non-priority unsecured claim.

All other terms and conditions of the original Note and Mortgage, including the default provisions, shall remain in full force and effect.

If the Debtors fail to tender the payments as required under this Order, then Secured Creditor shall provide written notice to Debtors at 7855 E. 34th Street, Tucson, AZ 85710 or such other address subsequently provided by Debtors to the Secured Creditor's counsel at the undersigned address, and if the default occurs while the above-captioned bankruptcy proceeding remains active, to the Debtors' counsel at 7473 E. Tanque Verde Rd., Tucson, AZ 85715, indicating the nature of the default. If the Debtors fail to cure the default with certified funds after the passage of fifteen (15) calendar days from the date said written notice is received by the Debtors and Debtors counsel if applicable, then Secured Creditor shall have immediate relief from the Automatic Stay of §362 of the Bankruptcy Code.

This Order shall be deemed null and void should the Debtors fail to confirm their Chapter 11 plan within 6 months from the filing date of the Stipulation. Secured Creditor shall be entitled to file a Notice and lodge an Order of the Rescission of the Stipulation should the Debtors fail to confirm the Plan within 6 months of the filing date of the Stipulation. The decision to rescind the Stipulation rests solely with the Secured Creditor and the Stipulation will remain in effect until the Secured Creditor files the Notice of Rescission. In the event the Secured Creditor elects to file its Notice of Rescission, the original loan terms will remain in effect and the parties may either negotiate or litigate the Secured Creditors treatment under the Plan.

This Order shall be subject to Bankruptcy Court approval.

This Order shall be incorporated into Debtors' confirmed Chapter 11 Plan, and may not be altered in any way by subsequently amended and/or filed Amended Chapter 11 Plan or Amended Disclosure Statement, if any. Any inconsistencies between the treatment of Secured Creditor's claims under the Plan and this Order shall be resolved in favor of this Order. Secured Creditor's agreement herein shall also constitute its acceptance of the Plan on account of its claims.

The agreements contained in this Order shall be binding for purposes of the treatment of the Subject Property in Debtors' confirmed Chapter 11 Plan, unless otherwise stipulated to in writing.

In the event this case is converted to a Chapter 7, Chapter 13 or dismissed, this Order shall be deemed void and unenforceable.

SIGNED AND DATED ABOVE.

**B-5**

# TIFFANY & BOSCO
### P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 E. CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
David W. Cowles
State Bar No. 021034

Attorneys for Wells Fargo Bank, N.A.

14-01081

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Michael Turner and Nancy Turner,

      Debtors.

No. 4:14-bk-01928-SHG

Chapter 11

**ORDER REGARDING
PLAN TREATMENT AND TO VALUATE
THE FIRST LIEN ENCUMBERING REAL
PROPERTY LOCATED AT
3405 S. SUN SPLASH DR.
TUCSON, AZ 85713-6817**

IT IS HEREBY ORDERED by and between Wells Fargo Bank, N.A. ("Secured Creditor")

and Michael Turner and Nancy Turner ("Debtors"), through counsel undersigned, that the property

generally described as 3405 S. Sun Splash Drive, Tucson, AZ 85713-6817 and legally described as:

    Lot 485 of Tucson Mountain Sanctuary according to hte Map recorded in Book 54 of
    Maps, Page 72, records of Pima County, Arizona

("Subject Property herein"), shall be treated as follows:

Commencing on the first day after the first month after entry of Debtors' confirmed plan, the Debtors will make payments on the reduced value amount of $133,000.00 ("Allowed Secured Claim"). The interest rate is to be fixed at 5.25% and the payments will be comprised of principle, interest, and escrow. The loan will be re-amortized over 30 years.

There is currently post petition escrow advances owed on the loan in the amount of $1,989.92 through December 2, 2014. Debtors have agreed to cure the $1,989.92 over six months beginning the first day after the first month after entry of Debtors' confirmed plan. Payments one through five (1-5) in the amount of $331.65 shall be in addition to the regular monthly payments. The sixth final payment in the amount of $331.67 shall be in addition to the regular monthly payment. In the event that Secured Creditor must advance escrow after the escrow advance analysis, the Debtors agree to repay any escrow advance in addition to the above.

The difference between the Allowed Secured Claim and the amount of the indebtedness in Secured Creditor's proof of claim shall be treated as a general non-priority unsecured claim.

All other terms and conditions of the original Note and Mortgage, including the default provisions, shall remain in full force and effect.

If the Debtors fail to tender the payments as required under this ORDER, then Secured Creditor shall provide written notice to Debtors at 7855 E. 34th Street, Tucson, AZ 85710, or such other address subsequently provided by Debtors to the Secured Creditor's counsel at the undersigned address, and if the default occurs while the above-captioned bankruptcy proceeding remains active, to the Debtors counsel at 7473 E. Tanque Verde Rd., Tucson, AZ 85715, indicating the nature of the

default. If the Debtors fail to cure the default with certified funds after the passage of 15 calendar days from the date said written notice is received by the Debtors and Debtors' counsel if applicable, then Secured Creditor shall have immediate relief from the Automatic Stay of §362 of the Bankruptcy Code.

This ORDER shall be deemed null and void should the Debtors fail to confirm their Chapter 11 plan within 6 months from the filing date of this ORDER. Secured Creditor shall be entitled to file a Notice and lodge an Order of the Rescission of the ORDER should the Debtors fail to confirm the Plan within 6 months of the filing date of the ORDER. The decision to rescind the ORDER rests solely with the Secured Creditor and the ORDER will remain in effect until the Secured Creditor files the Notice of Rescission. In the event the Secured Creditor elects to file its Notice of Rescission, the original loan terms will remain in effect and the parties may either negotiate or litigate the Secured Creditors treatment under the Plan.

This ORDER shall be subject to Bankruptcy Court approval.

This ORDER shall be incorporated into Debtors' confirmed Chapter 11 Plan, and may not be altered in any way by subsequently amended and/or filed Amended Chapter 11 Plan or Amended Disclosure Statement, if any. Any inconsistencies between the treatment of Secured Creditor's claims under the Plan or Order Confirming Plan and this ORDER shall be resolved in favor of this ORDER. Secured Creditor's agreement herein shall also constitute its acceptance of the Plan on account of its claims.

The agreements contained in this ORDER shall be binding for purposes of the treatment of the Subject Property in Debtors' confirmed Chapter 11 Plan, unless otherwise ORDERED to in writing.

1    In the event this case is converted to a Chapter 7, Chapter 13 or dismissed, this ORDER shall

2    be deemed void and unenforceable.

3    SO ORDERED:

4
     SIGNED AND DATED ABOVE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**B-6**

## RECITALS

1. On or about 5/9/2007, Nova Financial & Investment Corp. entered into a contract with Michael Paul Turner and Nancy M Turner wherein the Debtors agreed to re-pay the amount of $750,000.00 for real estate purchase financing of the subject real property. The obligation is evidenced by a promissory note ("Note") and secured by a deed of Trust ("Deed of Trust") (collectively the "Subject Loan").

2. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona state law at Sequence 20070960967, Docket 13057, Page 4450 in the office of the Pima County Recorder.

3. Secured Creditor is the holder of the Note and the beneficiary under the Deed of Trust that is secured by the Subject Property and is the real party in interest.

4. On 2/18/2014, the Debtors filed a voluntary Chapter 11 petition seeking relief under Title 11 of the United States Code.

5. On 4/2/2015, Secured Creditor filed a secured Proof of Claim, Claim 16-1, in the amount of $741,727.27.

## AGREEMENTS

6. Secured Creditor and the Debtors agree the value of the Subject Property to be $540,000.00.

7. Secured Creditor's Claim 16-1 shall be treated as an allowed secured claim in the amount of $540,000.00 ("Allowed Secured Claim"). The remaining indebtedness of Claim 16-1 in the amount of $201,727.27 shall be treated as an allowed non-priority general unsecured claim ("Allowed Unsecured Claim"). Secured Creditor shall be permitted to file a non-priority general unsecured proof of claim for this amount, but Secured Creditor is not required to do so in order to receive general unsecured pro rata distributions under Debtors' confirmed Plan or Amended Plan.

8. The Debtors shall pay the Total Allowed Secured Claim of $540,000.00 amortized over 30 years with interest at a rate of 5.25% per annum, which equates to a principal and interest payment of $2,981.90. Payments shall commence on the first day of the first full

File No. AZ-14-97602
Re: 10000 E Prince Rd

2

Case No. 4:14-bk-01928-SHG
Stipulation for Claim Treatment

Case 4:14-bk-01928-SHG    Doc 236    Filed 06/24/15    Entered 06/24/15 14:17:58    Desc
Main Document    Page 2 of 5
Case 4:14-bk-01928-SHG    Doc 261    Filed 08/06/15    Entered 08/07/15 08:07:58    Desc
Main Document    Page 51 of 62

month following the effective date of the confirmed Chapter 11 Plan of Reorganization and shall continue in equal monthly payments thereafter, until paid in full. Though the secured claim is amortized over 360 months, the final payment of any remaining balance of the secured claim shall be due no later than on June 1, 2037 (approximately 22 years), unless the Total Allowed Secured Claim is paid in full at an earlier date. The maturity date pursuant to the terms of the original promissory note is June 1, 2037, and this term is not being modified by the subject Stipulation.

9.     An escrow impound account associated with the Subject Loan for payment of real property taxes and/or real property hazard insurance ("Escrow Payments") shall remain in place. Escrow Payments shall commence on the same date payments on the Total Allowed Secured Claim shall commence, and shall continue until the Total Allowed Secured Claim is paid in full under the terms of this Stipulation. The current amount of the Escrow Payments are $818.37 and may change from time to time pursuant to the terms of the Subject Loan.

10.    All payments shall be made by the Debtors to Secured Creditor via regular mail at:

> Ocwen Loan Servicing, LLC
> Attn: Cashiering Department
> 1661 Worthington Rd
> Suite 100
> West Palm Beach, FL 33409

or such other address subsequently designated by Secured Creditor in writing to the Debtors.

11.    Once the Total Allowed Secured Claim of $540,000.00, plus any accrued but unpaid post-confirmation interest, fees and/or costs, is paid in full pursuant to the terms of this Stipulation, Secured Creditor shall immediately release any and all rights or interests it may have in the Subject Property.

12.    The Debtors may prepay the amounts due on the Total Allowed Secured Claim without penalty at any time. Further, the Debtors may sell the Subject Property at any time without penalty, so long as the sale proceeds are sufficient to pay off the balance of the Total

Secured Claim plus any accrued post-confirmation interest, fees and/or costs at the time of the close of escrow for the proposed sale. If a proposed sale will not pay off the Total Allowed Secured Claim plus any accrued post-confirmation interest, fees and/or costs ("Short Sale"), then such a proposed sale shall be at the discretion of Secured Creditor. A Short Sale may only proceed with the express written consent of Secured Creditor.

13. If the Debtors defaults under this Stipulation, then Secured Creditor shall provide written notice to the Debtors and, if the Debtors have not received a discharge, also to Counsel for the Debtors, indicating the nature of the default. If the Debtors fails to cure the default with certified funds after the passage of 30 calendar days from the date of said written notice, then Secured Creditor shall be entitled to relief from the Automatic Stay pursuant to 11 U.S.C. §362 of the Bankruptcy Code upon filing a notice and declaration of default and failure to cure same with the Court (if the Debtors have not received a discharge) and to the Debtors. In this event, Secured Creditor may submit an ex-parte order for relief from the automatic stay after said notice/declaration are filed with the Court.

14. In the event this case is converted or dismissed, this Stipulation shall become null and void and Secured Creditor shall retain its lien in the full amount due under the Subject Loan and the Automatic Stay shall be immediately terminated without further notice, order or proceeding of the Court.

15. The terms of this Stipulation are contingent on the substantive consummation of the Debtors' confirmed Plan. The terms of this Stipulation may not be modified, altered or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of Secured Creditor.

16. The Debtors have filed a Chapter 11 Amended Plan, and confirmation is pending. Should the terms of the Amended Plan or subsequent Amended Plan(s) and this Stipulation conflict, then the terms of this Stipulation shall control. When the Debtors files a Plan and any subsequent Amended Plan(s), the Plan(s) shall incorporate the terms and conditions of this stipulation and accordingly, the treatment afforded to Secured Creditor herein. In the event of a conflict between the terms of this Stipulation and terms of the Debtors' Plan or

File No. AZ-14-97602                                                 4
Re: 10000 E Prince Rd
Case No. 4:14-bk-01928-SHG
Stipulation for Claim Treatment
Case 4:14-bk-01928-SHG    Doc 236    Filed 06/24/15    Entered 06/24/15 14:17:58    Desc
Main Document    Page 4 of 5
Case 4:14-bk-01928-SHG    Doc 261    Filed 08/06/15    Entered 08/07/15 08:07:58    Desc
Main Document    Page 53 of 62

later Amended Plan(s), then the terms of this Stipulation shall control the treatment of Secured Creditor's claim.

17.    Secured Creditor's execution of this Stipulation shall constitute a ballot voting in favor of the Debtors' Chapter 11 Amended Plan and Secured Creditor shall be deemed to have voted in favor of the Amended Plan for both its Secured and Unsecured Claims.

18.    Except as otherwise expressly provided herein, all remaining terms of the Promissory Note and Deed of Trust not modified herein shall remain in effect and shall govern treatment of Secured Creditor's Total Allowed Secured Claim.

19.    Each party is to bear their own fees and costs.

**IT IS SO STIPULATED:**

                                          **McCARTHY & HOLTHUS, LLP**

Dated: _____      by  /s/ Michael W. Chen, Esq.
                                       Michael W. Chen, Esq.
                                       Attorneys for Secured Creditor

Dated: 6/23/15      by _____
                                       Bryan Wayne Goodman
                                       Attorney for Debtors

File No. AZ-14-97602
Re: 10000 E Prince Rd

5

Case No. 4:14-bk-01928-SHG
Stipulation for Claim Treatment

Case 4:14-bk-01928-SHG    Doc 236    Filed 06/24/15    Entered 06/24/15 14:17:58    Desc
Main Document    Page 5 of 5
Case 4:14-bk-01928-SHG    Doc 261    Filed 08/06/15    Entered 08/07/15 08:07:58    Desc
Main Document    Page 54 of 62

**B-7**

1    **Jaburg & Wilk, P.C.**
     3200 N. Central Avenue, 20th Floor
2    Phoenix, AZ 85012
     602.248.1000
3
     Ronald M. Horwitz (005655)
4    rmh@jaburgwilk.com
     Janessa E. Koenig (018618)
5    jek@jaburgwilk.com

6    Attorneys for Wells Fargo Bank, N.A.

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **FOR THE DISTRICT OF ARIZONA**

10

11   In re:                                │ In Proceedings Under
                                           │ Chapter 11
12   MICHAEL PAUL TURNER and NANCY          │
     M. TURNER,                            │ Case No. 4:14-bk-01928-EWH
13                                         │
            Debtors.                       │
14   ───────────────────────────          │ **STIPULATION REGARDING**
     WELLS    FARGO    BANK,   N.A.  d/b/a │ **TREATMENT AND PAYMENT OF**
15   WELLS FARGO DEALER SERVICES and       │ **WELLS FARGO BANK N.A.'S SECURED**
     WELLS FARGO AUTO FINANCE,             │ **CLAIM ON 2008 CHRYSLER TOWN &**
16                                         │ **COUNTRY**
            Movant,                        │
17   vs.                                   │ **AND**
                                           │
18   MICHAEL PAUL TURNER and NANCY          │ **FOR MODIFICATION OF THE**
     M. TURNER, Debtors, and U.S. TRUSTEE, │ **AUTOMATIC STAY**
19   Trustee,                              │
                                           │
20          Respondents.                   │

21

22          This Stipulation Regarding Treatment and Payment of Wells Fargo Bank, N.A.'s

23   Secured Claim on 2008 Chrysler Town & Country and for Modification of the Automatic Stay

24   ("Stipulation") is entered into by and between Michael Paul Turner and Nancy M. Turner

25   (hereinafter referred to as "Debtors"), by and through their attorney of record, Bryan W.

26   Goodman, and Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services and Wells Fargo

27   Auto Finance (hereinafter referred to as "Wells Fargo"), by and through its attorney of record,

28   Janessa E. Koenig.

17210-17210-00163\JEK\JEK\1486332.1

Case 4:14-bk-01928-SHG   Doc 96   Filed 09/17/14   Entered 09/17/14 13:56:19   Desc
                         Main Document    Page 1 of 7
Case 4:14-bk-01928-SHG   Doc 261   Filed 08/06/15   Entered 08/07/15 08:07:58   Desc
                         Main Document    Page 56 of 62

The parties hereby stipulate and agree as follows:

1.     That on or about February 18, 2014, the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy for the District of Arizona, and were assigned Case No. 4:14-bk-01928-EWH;

2.     That Wells Fargo is the holder of a secured claim against the Debtors in the approximate amount of $6,770.70, plus accrued and accruing interest, fees and costs, which claim is fully secured by a 2008 Chrysler Town & Country Limited Minivan, VIN# 2A8HR64X38R646467 ("the Town & Country");

3.     That on or about August 5, 2014, Wells Fargo filed a Motion for Relief from the Automatic Stay, with respect to the Debtors' default in their contract payments to Wells Fargo for the Town & Country;

4.     That on or about August 26, 2014 the Debtors filed a Response in Opposition to Wells Fargo's Motion for Relief from the Automatic Stay;

5.     That to date no other interested party has filed a response or objection to Wells Fargo's Motion for Relief from the Automatic Stay;

6.     That for the purposes of the Debtors' Chapter 11 Plan, Wells Fargo's claim secured by the Town & Country shall be paid through the Debtors' Chapter 11 Plan in the amount of $6,770.70, with interest to accrue thereon at the contract rate of 5.74% per annum;

7.     That the Debtors shall immediately commence making monthly adequate protection payments to Wells Fargo, in the amount of $165.75 per month, commencing on October 1, 2014 and continuing on the 1st day of each consecutive month thereafter until regular Plan payments are made to Wells Fargo under a confirmed Plan of Reorganization;

8.     That Wells Fargo shall not be required to release its lien on the Town & Country until Wells Fargo has been paid in full on its secured claim as provided herein;

9.     That the Debtors shall maintain insurance on the Town & Country, as required by the parties' Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("the Contract");

Jaburg & Wilk, P.C.

3200 N. Central Avenue  20th Floor

2

1       10.     That in the event the Debtors fail to tender any adequate protection payment or

2  plan payment as described in Paragraphs 6 and 7 above to Wells Fargo, and/or in the event the

3  Debtors fail to maintain insurance on the Town & Country, Wells Fargo may send a ten (10)

4  calendar day written notice to the Debtors and to their counsel relative to any delinquent

5  payment and/or insurance, and accordingly, for the purposes of this Stipulation, if the Debtors'

6  payments are not current, and/or if the required insurance is not obtained, by 5:00 o'clock p.m.

7  on the tenth calendar day following the date of mailing of written notice of default by Wells

8  Fargo to the Debtors and their counsel, the Debtors shall be deemed to be in default under this

9  Stipulation. The Debtors' right to Notice of a Default is expressly limited to two (2) events of

10 default. Upon the third event of default, Wells Fargo may set a hearing at which it will request

11 that the automatic stay be lifted as to Wells Fargo and the Town & Country;

12      11.     That in the event a payment is not timely made and not timely cured as

13 previously set forth herein, and/or insurance is not maintained on the Town & Country, Wells

14 Fargo may set a hearing at which it will request that the automatic stay be lifted as to Wells

15 Fargo and the Town & Country;

16      12.     That the provisions of this Stipulation relative to the lifting of the automatic stay

17 as set forth in Paragraphs 10 and 11 above shall be effective in the event the Debtors'

18 bankruptcy case is converted to any other chapter of the Bankruptcy Code, and/or any

19 subsequent bankruptcy proceedings filed by or against the Debtors; and

20      13.     That the terms of this Stipulation and the Order approving the same shall be

21 incorporated into the Order approving the Debtors' final Chapter 11 Plan approved by this

22 Court.

23 IT IS SO STIPULATED:

24                                     **GOODMAN & GOODMAN, PLC**

25 Dated: 9|17|14

26                          By: _____
                             Brian W. Goodman

27                              Attorney for Debtors

28

Jaburg & Wilk, P C
3200 N Central Avenue, 20th Floor

3

Case 4:14-bk-01928-SHG   Doc 96   Filed 09/17/14   Entered 09/17/14 13:56:19   Desc
                    Main Document    Page 3 of 7
Case 4:14-bk-01928-SHG   Doc 261   Filed 08/06/15   Entered 08/07/15 08:07:58   Desc
                    Main Document    Page 58 of 62

Jaburg & Wilk, P.C.

3200 N. Central Avenue, 20th Floor

**JABURG & WILK, P.C.**

Dated: 9|17|14

By: _____
Janessa E. Koenig
Attorney for Wells Fargo Bank, N.A.

COPIES of the foregoing mailed this
17th day of September, 2014 to:

Michael Paul Turner
Nancy M. Turner
7855 E. 34th Street
Tucson, AZ 85710

Bryan Wayne Goodman
Goodman & Goodman, PLC
7473 E. Tanque Verde Road
Tucson, AZ 85715
Attorney for Debtors

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003

Christopher J. Pattock
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003

Lit of Twenty Largest Creditors
As set forth on Exhibit "A" hereto

_____

4

# Exhibit A

**United States Bankruptcy Court**
**District of Arizona, Tucson Division**

IN RE:

Turner, Michael Paul & Turner, Nancy M
<br>Debtor(s)

Case No. **14-bk-1928**

Chapter **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| OCWEN LOAN SERVICING LLC<br>3461 Hammond Ave<br>Waterloo, IA 50702-5345 | | | | 740,080.00<br>Collateral:<br>555,000.00<br>Unsecured:<br>185,080.00 |
| CHASE<br>PO Box 24696<br>Columbus, OH 43224-0696 | | | | 79,399.00<br>Collateral:<br>555,000.00<br>Unsecured:<br>79,399.00 |
| WELLS FARGO<br>PO Box 10335<br>Des Moines, IA 50306-0335 | | | | 106,458.00<br>Collateral:<br>70,000.00<br>Unsecured:<br>36,458.00 |
| SETERUS<br>14523 SW Millikan Way Ste 170200<br>Beaverton, OR 97005-2344 | | | | 177,795.00<br>Collateral:<br>152,000.00<br>Unsecured:<br>25,795.00 |
| SETERUS<br>14523 SW Millikan Way Ste 1270200<br>Beaverton, OR 97005-2344 | | | | 174,409.00<br>Collateral:<br>150,000.00<br>Unsecured:<br>24,409.00 |
| BANK OF AMERCIA<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410-8110 | | | | 113,694.00<br>Collateral:<br>92,000.00<br>Unsecured:<br>21,694.00 |
| BANK OF AMERICA<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410-8110 | | | | 20,625.00<br>Collateral:<br>555,000.00<br>Unsecured:<br>20,625.00 |
| DEPARTMENT OF EDUCATION<br>FEDLOAN SERVICING<br>PO Box 530210<br>Atlanta, GA 30353-0210 | | | | 20,000.00 |
| WELLS FARGO<br>PO Box 10335<br>Des Moines, IA 50306-0335 | | | | 141,721.00<br>Collateral:<br>125,000.00<br>Unsecured:<br>16,721.00 |

Case 4:14-bk-01928-EWH   Doc 9   Filed 02/25/14   Entered 02/25/14 15:57:43   Desc
Main Document   Page 1 of 2

Case 4:14-bk-01928-SHG   Doc 96   Filed 09/17/14   Entered 09/17/14 13:56:19   Desc
Main Document   Page 6 of 7

Case 4:14-bk-01928-SHG   Doc 261   Filed 08/07/15   Entered 08/07/15 08:07:58   Desc
Main Document   Page 61 of 62

| | |
|---|---|
| BANK OF AMERCIA<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410-8110 | 138,061.00<br>Collateral:<br>125,000.00<br>Unsecured:<br>13,061.00 |
| Henslee Schwartz PLC<br>8150 N Central Expy Ste 850<br>Dallas, TX 75206-1899 | 12,000.00 |
| BARCLAYS BANK DELAWARE<br>700 Prides Xing<br>Newark, DE 19713-6102 | 7,890.00 |
| WELLS FARGO<br>PO Box 1697<br>Winterville, NC 28590-1697 | 8,982.00<br>Collateral:<br>6,000.00<br>Unsecured:<br>2,982.00 |
| CITI CARDS<br>PO Box 6241<br>Sioux Falls, SD 57117-6241 | 2,000.00 |
| ARIZONA CENTRAL CREDIT<br>PO Box 11650<br>Phoenix, AZ 85061-1650 | 1,000.00 |
| AMERICAN EXPRESS<br>PO Box 981537<br>El Paso, TX 79998-1537 | 800.00 |
| BYL COLLECTION SERVICES<br>301 Lacey St<br>West Chester, PA 19382-3727 | 44.00 |

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: February 25, 2014    Signature  /s/ Michael Paul Turner
of Debtor

Michael Paul Turner

Date: February 25, 2014    Signature  /s/ Nancy M Turner
of Joint Debtor
(if any)

Nancy M Turner

Case 4:14-bk-01928-EWH    Doc 9    Filed 02/25/14    Entered 02/25/14 15:57:43    Desc
Main Document    Page 2 of 2

Case 4:14-bk-01928-SHG    Doc 96    Filed 09/17/14    Entered 09/17/14 13:56:19    Desc
Main Document    Page 7 of 7
Case 4:14-bk-01928-SHG    Doc 261    Filed 08/06/15    Entered 08/07/15 08:07:58    Desc
Main Document    Page 62 of 62